IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ROSCOE BENJAMIN ATKINSON,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE<br><br><br>Case No. 2:19-CR-408 DB<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Modify Sentence. Defendant seeks to modify his sentence so that he may begin serving his sentence on home confinement.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

In this case, Defendant is not in custody and, therefore, cannot attempt to exhaust his administrative rights or petition the warden. At least one court has found that the exhaustion

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

1

requirement was met under similar circumstances.[2] The Court need not decide whether it has the authority to grant Defendant's request because it agrees with the government's alternative recommendation that Defendant's self-surrender date be modified. This will help alleviate Defendant's concerns related to the COVID-19 pandemic while also providing Defendant and his family a level of certainty about his future. Defendant's self-surrender date is extended to January 4, 2021.

It is therefore

OREDERED that Defendant's Motion to Modify Sentence (Docket No. 29) is DENIED. WITHOUT PREJUDICE.

DATED this 27th day of May, 2020.

BY THE COURT:

*(signature)*

Ted Stewart
United States District Judge

---

[2] *United States v. Lopez*, Case No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D. N.M. May 14 2020) (concluding "that because Mr. Lopez has no way to apply to compassionate release through the BOP, he has satisfied § 3582(c)(1)(A)'s exhaustion requirement and is eligible to apply for relief in this Court").